Slip Op. 21-147

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HUSTEEL CO., LTD., <br><br>    Plaintiff, <br><br>and <br><br>SEAH STEEL CORPORATION, HYUNDAI STEEL COMPANY, and NEXTEEL CO., LTD., <br><br>    Consolidated Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>WHEATLAND TUBE COMPANY, <br><br>    Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br>Consol. Court No. 19-00107 |

## OPINION

[Sustaining the U.S. Department of Commerce's second remand results in the 2016–2017 administrative review of the antidumping duty order on circular welded non-alloy steel pipe from the Republic of Korea.]

Dated: October 19, 2021

Donald B. Cameron, Julie C. Mendoza, R. Will Planert, Brady W. Mills, Mary S. Hodgins, and Eugene Degnan, Morris, Manning & Martin LLP, of Washington,

D.C., for Plaintiff Husteel Co., Ltd.

Jeffrey M. Winton and Amrietha Nellan, Winton & Chapman PLLC, of Washington, D.C., for Consolidated Plaintiff SeAH Steel Corporation.

Robert G. Gosselink and Jarrod M. Goldfeder, Trade Pacific PLLC, of Washington, D.C., for Consolidated Plaintiff Hyundai Steel Company.

J. David Park, Henry D. Almond, Daniel R. Wilson, Leslie C. Bailey, and Kang Woo Lee, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Consolidated Plaintiff NEXTEEL Co., Ltd.

Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief was Elio Gonzalez, Senior Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

Roger B. Schagrin, Elizabeth J. Drake, and Christopher T. Cloutier, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Wheatland Tube Company.

  Choe-Groves, Judge: Plaintiff Husteel Co., Ltd. ("Husteel") and Consolidated Plaintiffs SeAH Steel Corporation ("SeAH"), Hyundai Steel Company ("Hyundai Steel"), and NEXTEEL Co., Ltd. ("NEXTEEL"), (collectively, "Plaintiffs"), filed this consolidated action challenging the final results published by the U.S. Department of Commerce ("Commerce") in the 2016–2017 administrative review of the antidumping duty order on circular welded non-alloy steel pipe from the Republic of Korea ("Korea"). See Circular Welded Non-Alloy Steel Pipe from the Republic of Korea ("Final Results"), 84 Fed. Reg.

26,401 (Dep't of Commerce June 6, 2019) (final results of admin. review; 2016–2017); see also Issues and Decision Mem. for the Final Results of the 2016–2017 Admin. Review of the Antidumping Duty Order on Circular Welded Non-Alloy Steel Pipe from the Republic of Korea (May 30, 2019) ("Final IDM"), PR 173. Before the Court are the Final Results of Redetermination Pursuant to Court Remand ("Second Remand Results"), ECF No. 62-1, which the Court ordered in Husteel Co. v. United States ("Husteel II"), 45 CIT __, 517 F. Supp. 3d 1342 (2021).  For the reasons discussed below, the Court sustains the Second Remand Results.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history set forth in its prior opinions and recounts the facts relevant to the Court's review of the Second Remand Results.  See Husteel Co. v. United States, 44 CIT __, __, 476 F. Supp. 3d 1363, 1367–68 (2020); Husteel II, 45 CIT at __, 517 F. Supp. 3d at 1345–46.

In Husteel Co. v. United States ("Husteel I"), 44 CIT __, 476 F. Supp. 3d 1363 (2020), the Court concluded that Commerce's adjustment to the cost of production for the purpose of the sales-below-cost test pursuant to 19 U.S.C. § 1677b(b)(1) and Commerce's determination that a particular market situation distorted costs under 19 U.S.C. § 1677b(e) in the Final Results were not in

accordance with the law because 19 U.S.C. § 1677b(e) applies only when Commerce bases normal value on constructed value. Husteel I, 44 CIT at __, 476 F. Supp. 3d at 1373–74, 1377.

Commerce maintained on remand its determination that a particular market situation distorted the cost of production. Final Results of Redetermination Pursuant to Court Order ("Remand Results") at 7–8, ECF Nos. 47-1, 48-1. Commerce did not conduct the sales-below-cost test because, it explained, the sales-below-cost test would not be "meaningful" without an adjustment to the cost of production to account for the particular market situation. Id. at 7. Instead, Commerce made a particular market situation determination under 19 U.S.C. § 1677(15)(C), stating that the distorted cost of production prevented a proper comparison between home market sales and export prices. Id. "[A]bsent the ability to determine whether the comparison market sales were made within the ordinary course of trade," under respectful protest, Commerce based normal value on constructed value under 19 U.S.C. § 1677b(a)(4) for each respondent. Id. at 1, 7, 9. In calculating constructed value, Commerce made a cost-based particular market situation determination under 19 U.S.C. § 1677b(e) and adjusted the cost of production as an alternative calculation methodology. Id. at 8–9.

The Court granted in Husteel II the motion for a partial remand filed by Defendant United States ("Defendant") to reconsider its decisions to base normal

value on constructed value and make certain particular market situation adjustments to the cost of production when calculating constructed value in light of the subsequent issuance of this Court's decision in Saha Thai Steel Pipe Public Co. v. United States, 44 CIT __, 487 F. Supp. 3d 1323 (2020). Husteel II, 45 CIT at __, 517 F. Supp. 3d at 1346–47, 1348.

On second remand, Commerce "continue[d] to find that a particular market situation existed in Korea during the period of review that distorted the price of hot-rolled coil." Second Remand Results at 2. Under respectful protest, however, Commerce recalculated the dumping margins without a particular market situation adjustment. Id. at 2, 5–6.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results of an administrative review of an antidumping duty order. The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court also reviews determinations made on remand for compliance with the Court's remand order. Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Hyundai Steel, Husteel, and Defendant ask the Court to sustain the <u>Second Remand Results</u>. Comments Consol. Pl., Hyundai Steel Company, Commerce's Second Remand Redetermination ("Hyundai Steel's Cmts.") at 1–2, ECF No. 65 (joined by Husteel); Def.'s Comments Supp. Remand Redetermination at 2, ECF No. 67. Hyundai Steel represents that SeAH and NEXTEEL agree that the <u>Second Remand Results</u> should be sustained. Hyundai Steel's Cmts. at 2. No party filed comments opposing the <u>Second Remand Results</u>.

The U.S. Court of Appeals for the Federal Circuit has held that when Commerce advocates a position zealously and must abandon that position in order to comply with a ruling of the U.S. Court of International Trade, Commerce preserves its right to appeal it if adopts a complying position under protest. <u>See Viraj Grp., Ltd. v. United States</u>, 343 F.3d 1371, 1376 (Fed. Cir. 2003). In this case, under protest, Commerce recalculated the weighted-average dumping margins for Husteel, Hyundai Steel, and non-examined companies (including SeAH and NEXTEEL) without a particular market situation adjustment. <u>Second Remand Results</u> at 5–6. The weighted-average dumping margins changed from 10.91% to 6.44% for Husteel, 8.14% to 4.82% for Hyundai Steel, and 9.53% to 5.63% for non-examined companies. <u>Id.</u> at 6. Commerce's recalculation of the weighted-average dumping margins without a particular market situation

adjustment, under protest, is consistent with the Court's prior opinions and orders in Husteel I and Husteel II.

Commerce maintained its determination that a particular market situation distorted the cost of production. Id. at 2–4. The reiterated determination has no effect on the dumping margins because Commerce recalculated the dumping margins without a particular market situation adjustment. No party challenges the determination.

Because the Court sustains Commerce's removal of the particular market situation adjustment, consideration of Commerce's reiterated particular market situation determination in the Second Remand Results "'would have no practical significance' and is mooted." See Saha Thai Steel Pipe Pub. Co. v. United States, 45 CIT __, __, Slip Op. 21-118 at 7 (Sept. 17, 2021) (quoting Morton Int'l, Inc. v. Cardinal Chem. Co., 967 F.2d 1571, 1574 (Fed. Cir. 1992) (Nies, C.J., dissenting from the order declining suggestions for rehearing en banc) (citations omitted) ("An issue is also said to be 'mooted' when a court, having decided one dispositive issue, chooses not to address another equally dispositive issue."); citing Daewoo Elecs. Co. v. Int'l Union of Elec., Elec., Tech., Salaried & Mach. Workers, 6 F.3d 1511, 1513 (Fed. Cir. 1993) ("[O]ur disposition of the tax incidence issue moots two other issues . . . .")).

The Court sustains the Second Remand Results without considering

Commerce's reiterated particular market situation determination in the <u>Second Remand Results</u>.

## CONCLUSION

The Court sustains the <u>Second Remand Results</u>.

Judgment will be entered accordingly.

                                                    /s/ Jennifer Choe-Groves
                                                   Jennifer Choe-Groves, Judge

Dated:  October 19, 2021
              New York, New York